UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Olandio Ray Workman, ) | Civil Action No.: 6:17-cv-00765-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Robert Joseph Perry, James E. Hudson, ) | |
| Christopher Hayes, Greenville County ) | |
| Solicitor's Office, Greenville County ) | |
| Police Department, Chris Hammett, ) | |
| Dairrick Pophancila, and Greenville County ) | |
| SWAT Team, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Olandio Ray Workman, a state pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against the above-captioned Defendants. *See* ECF No. 1. The matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, who recommends summarily dismissing this action without prejudice and denying Plaintiff's three pending motions.[1] *See* ECF Nos. 13 & 15.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**[2]

The Magistrate Judge recommends summarily dismissing this action because (1) Defendants Greenville County Solicitors Office, Greenville County Police Department, and Greenville County SWAT Team are not "persons" as required by § 1983; (2) Defendant Hudson has judicial immunity; (3) Defendant Pophancila has prosecutorial immunity; and (4) the Court should abstain from hearing this action (including any claims against Defendants Perry, Hayes, and Hammett) pursuant to the *Younger*[3] abstention doctrine. R & R at pp. 5–8. The Magistrate Judge also recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims (if any). *Id.* at p. 8.

The vast majority of Plaintiff's objections consists of a recitation of case summaries and legal authorities, while other parts of his objections rehash and supplement the allegations in his complaint.

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

2

*See* Pl.'s Objs. [ECF Nos. 15 & 17]. The Court reiterates it need only review those portions of the R & R to which Plaintiff has made a specific objection. *See Orpiano*, 687 F.2d at 47; *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199–200. Additionally, Plaintiff does not object to the Magistrate Judge's recommendation that the Court should dismiss his three pending motions (for discovery, a change of venue, and an evidentiary hearing). However, the Court has liberally construed Plaintiff's objections and identified several specific objections that he makes.

First, Plaintiff appears to argue that Defendants Pophancila[4] (a prosecutor) and Hudson (a magistrate judge) are not entitled to immunity. *See* ECF No. 15 at pp. 1, 7; ECF No. 17 at p. 2. While Plaintiff provides law that discusses exceptions to the doctrines of prosecutorial and judicial immunity, he alleges no facts suggesting these immunity doctrines do not apply to his claims against Defendants Pophancila and Hudson. As the Magistrate Judge explained, Pophancila's alleged misconduct relates to actions taken during grand jury proceedings while Hudson's alleged misconduct arose out of his judicial actions. *See* R & R at pp. 5–6. *See generally Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) ("A prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976))); *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) ("The Supreme Court has held that judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983, under certain conditions." (citing *Pierson v. Ray*, 386 U.S. 547 (1967))).

Second, Plaintiff appears to assert this Court should not abstain from hearing this action pursuant to the *Younger* abstention doctrine. *See* ECF No. 15 at pp. 2–3, 6, 11; ECF No. 17 at p. 1. The Court agrees with the Magistrate Judge that *Younger* abstention is appropriate because (1) there are

---

[4] In his objections, Plaintiff refers to Defendant "Dairrick Pophancila" as "Derrick Polsinello."

3

ongoing state criminal proceedings (2) that implicate important state interests, and because (3) Plaintiff has an adequate opportunity to raise his federal claims in the state proceedings. *See* R & R at pp. 6–7; *see generally Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (summarizing the three *Younger* criteria). Moreover, Plaintiff has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson*, 855 F.3d at 286 ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm.").

Finally, Plaintiff appears to argue Defendants Greenville County Solicitors Office, Greenville County Police Department, and Greenville County SWAT Team could be held liable under § 1983 on a theory of municipal liability. *See* ECF No. 15 at pp. 4–5. But Plaintiff has not named a municipality as a defendant. Also, as the Magistrate Judge correctly explained, these three defendants are not "persons" within the meaning of § 1983, *see* R & R at p. 5, and therefore they cannot be sued under § 1983 for municipal liability or any other claim. *See generally Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983."); *Jones v. Lexington Cty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008) ("Inanimate objects—such as buildings, facilities, and grounds—do not act under color of state law."); *Shadoan v. Florence Cty. Det. Ctr. Med. Dep't*, 2013 WL 6408347, at *2 (D.S.C. Dec. 6, 2013) ("[U]se of the term 'staff,' 'department,' or the equivalent as a name for alleged defendants, is not adequate to state a claim against a 'person' as required in § 1983 actions. . . . [G]roups of people are not amenable to suit under § 1983[.]").

## **Conclusion**

For the foregoing reasons, the Court overrules Plaintiff's objections, adopts the R & R [ECF No.

13], and **DISMISSES** this action *without prejudice and without issuance and service of process*.[5] The Court **DENIES AS MOOT** Plaintiff's motion for discovery [ECF No. 3], motion to change venue [ECF No. 4], and motion for evidentiary hearing [ECF No. 6].

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
October 23, 2017  R. Bryan Harwell
United States District Judge

---

[5] In the Court's view, Plaintiff cannot cure the defects in his complaint by amending it because the *Younger* doctrine's application to his claims requires abstention at this time. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give Plaintiff leave to amend.

5